*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0823**

State of Minnesota,
Respondent,

vs.

Brian Scott Schmitz,
Appellant.

**Filed June 6, 2016
Affirmed
Ross, Judge**

Stearns County District Court
File No. 73-CR-13-9209

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica M. Surges, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith, Tracy, Judge.

# U N P U B L I S H E D   O P I N I O N

**ROSS**, Judge

Brian Schmitz repeatedly sexually assaulted his girlfriend's preteen daughter over the course of several years. He pleaded guilty to one count of first-degree criminal sexual

conduct and then argued to the district court that his sentence should be stayed because he is particularly amenable to probation. The district court instead imposed a presumptive guidelines sentence. We affirm the sentence because the district court carefully considered the relevant information before declining Schmitz's request for a dispositional departure.

**FACTS**

The state charged Brian Schmitz in 2013 with two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct based on a report that he sexually assaulted M.D., his then girlfriend's 13-year-old daughter. Schmitz allegedly touched M.D.'s genitals and forced her to touch his over several years when M.D. was younger than 13. Schmitz pleaded guilty to one count of first-degree criminal sexual conduct under Minnesota Statutes section 609.342, subdivision 1(a) (2012), and the state agreed to drop the remaining charges and to allow him to argue for a downward departure.

Schmitz argued at sentencing that he was particularly amenable to probation because, according to him, he posed a low risk to reoffend; he had himself been the victim of sexual abuse; he suffered from a traumatic brain injury; and he was eager to participate in chemical-dependency programming and sex-offender treatment, which would not be immediately available if he were sent to prison. He apologized for his actions and acknowledged that the offense was "a hundred percent" his fault.

The district court refused to order probation. It found that although Schmitz seemingly progressed to acknowledge his crime, no substantial and compelling reason supported a downward departure. The district court pointed out that Schmitz had abused M.D. both when he was sober and when he was not and that he had an extensive criminal

2

history that indicated he posed a risk to public safety. The court also highlighted that Schmitz had previously attempted to blame the child by saying that she "acted much older" than she was. The district court issued the presumptive sentence of 144 months in prison with a ten-year conditional-release term.

Schmitz appeals that sentence.

## DECISION

Schmitz argues that the district court erred by denying his motion for a downward dispositional departure. The district court is afforded "great discretion" in sentencing and will be reversed only when it abuses that discretion. *State v. Soto*, 855 N.W.2d 303, 307–08 (Minn. 2014) (quotation omitted). It may depart downward from a presumptive guidelines sentence only if mitigating circumstances constituting a substantial and compelling reason to depart are present. *Id.* at 308; Minn. Sent. Guidelines 2.D.1 (2012). A downward dispositional departure in the form of a stayed sentence with probationary terms may be justified because of the "defendant's particular amenability to individualized treatment in a probationary setting." *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982). In determining whether a defendant is particularly amenable to probation, the district court may consider a nonexclusive list of factors, including the defendant's age, criminal record, remorse, cooperation, attitude in court, and the support of family or friends. *Id.*

Schmitz argues that his remorse, cooperation, and low risk to reoffend demonstrate that he is particularly amenable to probation and that the district court should have stayed the execution of his sentence. Even if Schmitz identified mitigating factors justifying a downward departure from the presumptive sentence (and we are not convinced he has), the

3

district court was not required to depart. *State v. Wall*, 343 N.W.2d 22, 25 (Minn. 1984). We will affirm a presumptive sentence "when the record shows that the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). In denying Schmitz's request for a downward departure, the district court considered Schmitz's psychosexual evaluation, the PSI report, the victim-impact statement, arguments by counsel, and Schmitz's statements of remorse. Because the record informs us that the district court carefully took this information into account, we hold that the court did not abuse its discretion by denying Schmitz's departure request.

**Affirmed.**